William C. SCHAUB, Jr., Acting Regional Director of the Seventh Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, Petitioner,

v.

BREWERY PRODUCTS, INC., Respondent.

Civ. A. No. 89–1346.

United States District Court, E.D. Michigan, S.D.

June 19, 1989.

---

Richard M. Whitman, Detroit, Mich., for petitioner.

Mark S. Demorest, Bloomfield Hills, Mich., for respondent.

## MEMORANDUM OPINION AND ORDER

SUHRHEINRICH, District Judge.

This matter is before the Court pursuant to a petition filed by the National Labor Relations Board (Board) seeking an injunction pursuant to the National Labor Relations Act (Act) § 10(j), 29 U.S.C. § 160(j). Respondent Brewery Products has responded and pursuant to Local Rule 17(l)(2), the Court shall decide this matter without oral argument.

Section 10(j) empowers the Board to seek a temporary restraining order after a complaint alleging violations of the Act is issued. The statute provides:

The Board shall have power, upon issuance of a complaint as provided in subsection (b) of this section charging that any person has engaged in or is engaging in an unfair labor practice, to petition any United States district court, within any district wherein the unfair labor practice in question is alleged to have occurred or wherein such person resides or transacts business, for appropriate temporary relief or restraining order. Upon the filing of any such petition the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper. 29 U.S.C. § 160(j).

The purpose of any temporary injunctive relief is to preserve the status quo and prevent a frustration of the purposes of the Act during the pendency of the Board proceedings. *Levine v. C & W Mining Co.,* 610 F.2d 432, 436 (6th Cir.1979). "The injunctive relief contemplated in § 10(j) ... was designed to be temporary, however, and should be only that relief which is 'just and proper' under the circumstances in order to avoid frustration of the purposes of the [Act]." *Sheeran v. American Commercial Lines, Inc.,* 683 F.2d 970, 976 (6th Cir.1982) (citations omitted). "Before a district court grants such relief as it deems just and proper, it must find that there is reasonable cause to believe that unfair labor practices have been committed." *Id.* (quoting *Levine, supra*). "To establish 'reasonable cause,' the Regional Director has a 'relatively insubstantial' burden in that he need not prove that an unfair labor practice had occurred but must only produce some evidence in support of the petition." *Gottfried v. Frankel,* 818 F.2d 485, 493 (6th Cir.1987).

After careful consideration of the transcript of the proceedings before the Board conducted on April 26–27, 1989, the Court finds reasonable cause to believe that unfair labor practices have been committed. The transcript demonstrates numerous negotiation sessions between the charging union and respondent spanning more than a one-year period. Throughout these negotiations, there is evidence that respondent withheld for over six months relevant information requested by the charging union. This information was not released to the

charging union until June 9, 1988, the date on which respondent informed the charging union of the company's intention to declare an impasse.

On June 20, 1988, respondent decided to lockout its employees. However, on June 20, 1988, respondent's only employee who was not a member of the charging union, William Dunkel, was hired by S & A Beverage. In addition, respondent hired a former employee of S & A Beverage. While certainly not uncontroverted, there is evidence that this employee switch was arranged by respondent's president and owner, Walter Godek. Respondent also continued to pay Dunkel's health benefits for a period of time during which Dunkel was employed by S & A Beverage. These benefits were not extended to respondent's three union employees.

Finally, when the employees were locked out effective June 20, 1988, the company's stated reason was to "encourage the union to speed up the pace of negotiations." However, respondent then proceeded to cancel two scheduled negotiation sessions. The first, scheduled for June 28, 1988, was canceled by respondent and rescheduled for July 7, 1988. On the morning of July 7, 1988, respondent again canceled the meeting. Although the parties did meet as scheduled on August 2, 1988 and September 15, 1988, respondent's conduct may be evidence of bad faith bargaining rendering the lockout a violation of § 8(a)(3).

Based on the totality of the evidence presented before the Board, the Court finds reasonable cause to believe unfair labor practices have been committed by respondent. Where petitioner establishes reasonable cause to believe an unfair labor practice has been committed, § 10(j) authorizes injunctive relief where such an injunction is "just and proper." Defendant apparently does not dispute this issue.

In determining whether injunctive relief under § 10(j) of the Act is just and proper, the principal consideration is whether, under the circumstances of the case, judicial action is in the public interest [citations omitted].

Interim judicial relief is warranted whenever "the circumstances of a case create a reasonable apprehension that the efficacy of the Board's final order may be nullified, or the administrative procedures will be rendered meaningless." In such cases "[p]reservation and restoration of the status quo are then appropriate considerations in granting temporary relief pending determination of the issues by the Board."

*Sheeran*, 683 F.2d at 979 (quoting *Angle v. Sacks*, 382 F.2d 655, 660 (10th Cir.1967)).

In the instant case, the assets of respondent have apparently been sold and respondent has ceased all business operations. Under these facts, an order precluding respondent from dissipating the proceeds on the sale of its assets would preserve the status quo and prevent a frustration of the Board's final order. Further, such an order would not preclude respondent from conducting ordinary business operations, but would merely prevent respondent from disposing of the enjoined funds.

With regard to the proper amount of money to be sequestered, defendant contends that circumstances have changed, making petitioner's alleged potential liability excessive. However, respondent does not submit any evidence specifying exactly what should be changed. Further, petitioner's computations are documented using the employees' average earnings prior to the alleged unfair labor practices. The Court finds petitioner's formula provides a satisfactorily close approximation of respondent's potential liability. Accordingly, the Court shall issue a preliminary injunction requiring respondent to set aside and retain $82,526.08 during the pendency of the proceedings before the Board.

Accordingly,

IT IS HEREBY ORDERED that petitioner's petition for an injunction under § 10(j) of the N.L.R.A. is GRANTED.